IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DAVID C. WYLIE, | ) | Case No. 3:18-cv-239 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST NATIONAL BANK CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant First National Bank Corporation's ("FNB") Motion to Dismiss for Failure to State a Claim. (ECF No. 9.) This Motion is fully briefed (*see* ECF Nos. 10, 13) and is ripe for disposition. For the reasons that follow, Defendant's Motion is **DENIED**.

I. **Background**

A. **Factual Background**

The following facts appear in Plaintiff's Amended Complaint. (ECF No. 8.) The Court accepts these facts as true for purposes of deciding the instant Motion to Dismiss.

Plaintiff David C. Wylie is an adult individual residing in Johnstown, Pennsylvania. (ECF No. 8 ¶ 1.) Plaintiff alleges that FNB violated the Fair Credit Reporting Act (FCRA) by failing to properly investigate and correct erroneous credit information that FNB submitted to credit-reporting agencies. (*Id.* ¶¶ 35-48.)

As of November 2014, Plaintiff's credit report documented 25 accounts without any negative reports. (*Id.* ¶ 16.) Then, on November 17, 2014, Plaintiff's daughter filed a Chapter 13 bankruptcy in the Western District of Pennsylvania. (*Id.* ¶ 17.) After his daughter declared

bankruptcy, FNB furnished negative information to credit-reporting agencies stating that an account associated with Plaintiff was delinquent, had bad debt, was placed for collection, and was "charged off" and suspended. (*Id.* ¶ 18.) The account was associated with a loan that Plaintiff's daughter had taken out with FNB's predecessor. (*Id.* ¶ 20.) Plaintiff alleges that he was not listed as a borrower on that loan. (*Id.*)

On April 29, 2015, Plaintiff sent a letter to FNB and the credit-reporting agencies disputing FNB's reporting of negative credit information. (*Id.* ¶ 21.) On May 24, 2015, FNB responded to Plaintiff's letter stating that Plaintiff was a co-signor on his daughter's loan and that FNB could not communicate with him about the loan because of the bankruptcy co-debtor stay. (*Id.* ¶ 23.)

On June 11, 2015, Plaintiff sent a second dispute letter to FNB requesting that FNB report his credit information correctly. (*Id.* ¶ 24.) On June 22, 2015, Defendant responded stating that Plaintiff's request lacked specificity. (*Id.* ¶ 25.)

On March 20, 2017, Plaintiff submitted a request for credit to FNB. (*Id.* ¶ 27.) FNB stated that it denied Plaintiff's request for credit based at least partly on information in Plaintiff's credit report. (ECF No. 8-9.) On the Adverse Action Form that FNB sent to Plaintiff, FNB stated that key factors adversely affecting Plaintiff's credit score were: (1) proportion of balances to credit limits is too high on bank revolving or other revolving accounts; (2) time since delinquency is too recent or unknown; (3) amount past due on accounts; and (4) serious delinquency. (*Id.*)

Plaintiff alleges that he was also denied vehicle loans because his credit score was negatively affected by the inaccurate information that FNB furnished to credit-reporting agencies. (ECF No. 8 ¶¶ 30-33.)

Plaintiff alleges that FNB's failure to "properly investigate, maintain proper procedures and correct these inaccuracies have caused financial harm to the Plaintiff, damage to his creditworthiness, emotional distress due to the strain this error [caused,] and has additionally caused harm to his relationship with his daughter." (*Id.* ¶ 34.)

**B.     Procedural Background**

Plaintiff filed a Complaint against FNB on November 29, 2018. (*See* ECF No. 1.) FNB filed a motion to dismiss that complaint (ECF No. 5), which was mooted by the filing of Plaintiff's Amended Complaint. (ECF No. 8.)

Plaintiff's Amended Complaint contains one count. (*Id.* ¶¶ 35-48.) Plaintiff alleges that FNB willfully or negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, by failing to properly investigate and correct erroneous information that FNB submitted to credit-reporting agencies. (*Id.*)

FNB filed the instant Motion to Dismiss Plaintiff's Amended Complaint on May 3, 2019. (ECF No. 9.)

**II.     Jurisdiction**

The Court has jurisdiction over Plaintiff's claims because they arise under the laws of the United States. 28 U.S.C. § 1331. Venue is appropriate because a substantial portion of the events giving rise to this action occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391.

**III.    Legal Standard**

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a

short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[1] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. Discussion

FNB argues that the Court must dismiss Plaintiff's Amended Complaint for two reasons. First, FNB argues that Plaintiff's claim is barred by the two-year statute of limitations for failure-

---

[1] Although *Iqbal* described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (2010)).

to-investigate claims under the FCRA. (ECF No. 10 at 5-9.) Second, FNB argues that even if Plaintiff's Complaint was timely, it does not state a plausible claim because FNB accurately reported information to the credit-reporting agencies. (*Id.* at 9-14.) The Court will address these arguments in turn.

### A. Plaintiff's Claim is Not Barred by the Statute of Limitations

Under the FCRA:

> [a]n action to enforce any liability created under this subchapter may be brought . . . not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

FNB argues that Plaintiff's claim is barred by the FCRA's statute of limitations because Plaintiff discovered his failure-to-investigate claim when FNB responded to his first dispute letter in May of 2015. (*Id.* at 7-8.) FNB argues that the two-year statute of limitations expired therefore sometime in 2017, which was more than a year before Plaintiff filed his Complaint. (*Id.* at 8-9.)

In response, Plaintiff argues that "each transmission of the same credit report is a separate and distinct tort to which a separate statute of limitations applies." (ECF No. 13 at 4.) Plaintiff therefore argues that the two-year statute of limitations began to run in December of 2017 when Plaintiff sent his third dispute letter to FNB and the credit-reporting agencies. (*Id.*) Plaintiff also alleges that FNB continues to violate the FCRA because it has continued to report inaccurate information to credit-reporting agencies. (*Id.*)

The Court finds that Plaintiff's FCRA failure-to-investigate claim is not barred by the statute of limitations. While the Third Circuit has not interpreted the FCRA's statute of

limitations in the failure-to-investigate context, other courts have provided useful guidance.

Other district courts have persuasively reasoned that furnishers of credit information have a duty to investigate disputed credit information every time they receive a complaint, regardless of whether that same information was previously disputed. For example, another court held that:

> [g]iven the FCRA's language, as well as its purpose, each alleged failure of [a furnisher of credit information] to comply with FCRA obligations constitutes a separate FCRA violations, even though the violations stem from the same allegedly false or inaccurate credit information. . . . Thus, each separate notice of dispute triggers a duty to investigate the disputed information, regardless of whether the information has been previously disputed.

*Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286, 290 (S.D.N.Y. 2014); *accord Maiteki v. Marten Transp. Ltd.*, 4 F. Supp. 3d 1249, 1254 (D. Colo. 2013); *Thomas v. Wells Fargo Bank, N.A.*, No. 1:17-cv-3146, 2018 WL 3719589, at *5 (N.D. Ga. 2018); *Broccuto v. Experian Info. Sols., Inc.*, No. 3:07-cv-782, 2008 WL 1969222, at *4 (E.D. Va. May 6, 2008); *Vasquez v. Bank of Am., N.A.*, Case No. 15-cv-04072, 2015 WL 7075628, at *3 (N.D. Cal. 2015) (collecting cases and noting that the majority of courts have concluded that each separate notice of dispute triggers a duty to investigate the disputed information, regardless of whether the information has been previously disputed).[2]

The Court agrees with the reasoning of *Marcinski*. The language of the FCRA and its purposes clearly weigh in favor of following that line of cases. The FCRA requires that:

---

[2] Other federal courts have held that allowing a second dispute letter to trigger a new statute of limitations would permit plaintiffs to indefinitely extend the statute of limitations by sending additional complaint letters to the furnishing institution or credit-reporting agency. *E.g., Bittick v. Experian Info. Sols., Inc.*, 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006); *Hatten v. Experian Info. Sols., Inc.*, No. 12-12236, 2013 WL 5179190, at *4 (E.D. Mich. Sept. 12, 2013); *Blackwell v. Capital One Bank*, No. 606CV066, 2008 WL 793476, at *3 (S.D. Ga. Mar. 25, 2008). The Court here will not adopt this minority view because the statute of limitations should not be strictly construed when it is unclear—both factually and legally—when the limitations period begins to run. *See, e.g., Herrell v. Ricci*, No. 10-3575, 2010 WL 3023429, at *2 (D. N.J.)

> [a]fter receiving notice pursuant to section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall— (A) conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title; [and] (C) report the results to the consumer reporting agency.

15 U.S.C. § 1681s-2(b)(1). The FCRA clearly establishes the duties of institutions like FNB that furnish credit information to credit-reporting agencies. The plain language of the FCRA does not distinguish between a consumer's initial dispute about credit information and subsequent disputes. Rather, the statutory language suggests that the furnisher has a duty to investigate any dispute, regardless of whether the consumer had disputed the reporting of that same information in the past.

Further, the FCRA was enacted to prevent inaccuracies in the credit-reporting system. *Marcinski*, 36 F. Supp. 3d at 290. Congress "sought to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). Here, the Court must accept that from 2015 until December of 2017, Plaintiff was attempting to resolve the credit-reporting issue with FNB and the credit-reporting agencies. The Court therefore finds that the purposes of the FCRA weighs against applying the discovery rule to Plaintiff's detriment.

In conclusion, the Court finds that the statute of limitations does not bar Plaintiff's claim. "Were the Court to hold that the duties of a furnisher of credit lapse once an initial investigation is undertaken in regard to disputed information, it would contravene both the statutory language and the stated intent of the FCRA." *Marcinski*, 36 F. Supp. 3d at 291.

## B. Plaintiff States a Plausible Claim Because FNB May Have Reported Inaccurate Information to Credit-Reporting Agencies

FNB argues that Plaintiff fails to state a claim under the FCRA because FNB accurately reported Plaintiff's credit information. (ECF No. 10 at 9-13.) Generally, a claim under the FCRA fails if the credit information reported was accurate. *See Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 904 n.9 (3d Cir. 2011). First, FNB argues that its reporting was accurate because Plaintiff cosigned on his daughter's loan. (*Id.* at 9-12.) Second, FNB argues that it was accurate to report to credit-reporting agencies that the loan was delinquent and charged off. (*Id.* at 12-13.)

In response, "Plaintiff disputes that he was a co-signor to his daughter's loan, and even if he was, it was inaccurate and misleading for FNB to report his account to credit reporting agencies as a 'charged off' loan as a bankruptcy co-debtor stay required that no report be issued." (ECF No. 13 at 4.)

FNB attaches a Guaranty as an exhibit to its brief in support of its Motion to Dismiss. (ECF No. 10-1.) The Guaranty states that David C. Wylie "absolutely and unconditionally guarantee[d] to [FNB] the payment and performance of the following described debt." (*Id.*) The Guaranty listed Plaintiff as the guarantor and his daughter, Kathryn R. Wylie, as the borrower. (*Id.*) The Guaranty therefore seems to prove that Plaintiff was, in fact, a co-signor to his daughter's loan. Plaintiff, however, disputes the authenticity of the Guaranty. (ECF No. 13 at 4-5.)

Plaintiff survives dismissal by disputing the authenticity of the Guaranty. Where a document is integral or explicitly relied upon in a plaintiff's complaint, the court may consider that document when ruling on a motion to dismiss, but only if there is no dispute as to the document's authenticity. *See, e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d

Cir. 1997). Here, the Court may not rely on the Guaranty attached to FNB's Motion to Dismiss because Plaintiff disputes its authenticity. The Court must therefore accept the facts in Plaintiff's Amended Complaint as true. Accordingly, the Court will deny FNB's Motion to Dismiss because it must accept that Plaintiff was not a co-signor on his daughter's loan.

The Court will not decide whether it was inaccurate or misleading for FNB to report the loan as delinquent and charged off to credit-reporting agencies in light of the bankruptcy co-debtor stay. If discovery reveals that the Guaranty is an authentic document, FNB may raise this argument at summary judgment.

V.      **Conclusion**

For the reasons stated above, the Court finds that Plaintiff's Amended Complaint (ECF No. 8) plausibly states a claim upon which relief can be granted. Accordingly, FNB's Motion to Dismiss for Failure to State a Claim (ECF No. 9) is **DENIED**.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID C. WYLIE, | ) | Case No. 3:18-cv-239 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST NATIONAL BANK CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this \_\_\_9th\_\_\_ day of July, 2019, upon consideration of Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 9), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE